UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY  DIVISION

PAUL McADAMS,                                          )
          Plaintiff,                                  )
                                                          )
      vs.                                                  )          4:10-cv-00029-RLY-WGH
                                                          )
UNITED STATES OF AMERICA and        )
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY,                       )
          Defendants.                               )

**ENTRY ON UNITED STATES' MOTION TO DISMISS UNDER 12(b)(1)**

On March 9, 2010, plaintiff, Paul McAdams ("Plaintiff"), filed a complaint

alleging that he was injured as a result of the negligent operation of a motor vehicle

driven by the United States Army Corps of Engineers' ("Army Corps") employee,

Brandon Brummett ("Brummett").  Now before the court is the United States of

America's (the "United States") motion to dismiss for lack of subject matter jurisdiction

under Federal Rule of Civil Procedure 12(b)(1).  For the reasons set forth below, the

United States' motion is **GRANTED**.

I.      **Factual Background**

On March 12, 2008, Brummett was driving an Army Corps vehicle on State Road

135 in Salem, Indiana, and struck Plaintiff's motor vehicle.  (Complaint ¶¶ 5, 6).  Plaintiff

alleges that Brummett negligently operated his vehicle causing Plaintiff to suffer damages

for which Brummett is personally liable.  (*Id.* ¶ 7).  Plaintiff also alleges that he was

insured by a State Farm Insurance Company ("State Farm") policy for underinsured

motorists.  (*Id.* ¶ 8).  Further, Plaintiff alleges that if Brummett is deemed underinsured,

then the State Farm policy should be triggered and payable to Plaintiff for damages.  (*Id.*

¶ 9).

Plaintiff originally filed this action in state court against Brummett and State Farm.

On March 30, 2010, Timothy Morrison, United States Attorney for the Southern District

of Indiana ("United States Attorney Morrison"), pursuant to the authority vested in him

by the Attorney General under 28 C.F.R. § 15.3, certified that Brummett was acting

within the scope of his employment with the Army Corps at all times relevant to

allegations in Plaintiff's Complaint.  (Certification of Scope of Employment).  The case

was then removed to this court pursuant to 28 U.S.C. § 2679(d)(2).  Upon removal, the

United States was substituted as the sole defendant pursuant to 28 U.S.C. § 2679(d)(1)[1].

## II.    Standard for Motion to Dismiss for Lack of Jurisdiction

Rule 12(b)(1) requires the court to dismiss an action for lack of subject matter

jurisdiction.  When considering a motion to dismiss for lack of subject matter jurisdiction

pursuant to Rule 12(b)(1), the court accepts "as true all well-plead factual allegations and

must draw all reasonable inferences in favor of the plaintiff."  *Remer v. Burlington Area*

---

[1]28 U.S.C. § 2679(d)(1) states that once the Attorney General certifies that a defendant was acting within the scope of his employment at the time of the incident, "any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."

*School Dist.*, 205 F.3d 990, 996 (7th Cir. 2000).  The court may consider extrinsic

evidence when the issue of subject matter jurisdiction is raised.  *Johnson v. Orr*, 551 F.3d

564, 567 (7th Cir. 2008).

If a defendant brings forth evidence that questions whether the court has subject-

matter jurisdiction, the "presumption of correctness that we accord to a complaint's

allegations falls away and the plaintiff bears the burden of coming forward with

competent proof that standing exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572

F.3d 440, 440-45 (7th Cir. 2009) (internal citations omitted).  A district court can hold an

evidentiary hearing to determine whether subject-matter jurisdiction exists, but can

choose not to hold such a hearing when no conflicting facts have been alleged.  *Id.* at 445-

46.

## III.   Discussion

Plaintiff brings this action against Brummett for negligent operation of his motor

vehicle.  The United States argues the action should be dismissed because Plaintiff did

not exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA")

prior to filing suit.

### A.   FTCA is Exclusive Remedy

Suits for monetary damages against the United States are barred by sovereign

immunity, except to the extent that the United States waives its immunity and consents to

suit.  *See United States v. Testan*, 424 U.S. 392, 400 (1976).  The FTCA is the exclusive

waiver of sovereign immunity of the United States with respect to liability for its agents'

tortious acts.  *LM v. United States*, 344 F.3d 695, 697-98 (7th Cir. 2003).  The FTCA

waives the United States' sovereign immunity and subjects it to liability in federal court

for injuries "caused by the negligent or wrongful act or omission of any employee of the

Government while acting within the scope of his office or employment."  28 U.S.C. §

1346(b)(1); *see also Doe v. United States*, 838 F.2d 220, 221 (7th Cir. 1988).

When a lawsuit is filed against a federal employee, the Attorney General is

authorized to certify that the "defendant employee was acting within the scope of his

office or employment at the time of the incident out of which the claim arose."  28 U.S.C.

§ 2679(d)(1).  If the Attorney General issues a certification that the defendant was acting

within the scope of his employment, then the suit "shall be deemed an action brought

against the United States" and the "United States shall be substituted as the party

defendant."  *Id.*  Further, the action "shall be removed" by the Attorney General to federal

court.  28 U.S.C. § 2679(d)(2).  The certification of scope of employment by the Attorney

General "shall conclusively establish scope of office or employment for purposes of

removal."  *Id.*; *see also Osborn v. Haley*, 549 U.S. 225, 231 (2007) (holding that "the

Attorney General's certification is conclusive for purposes of removal, *i.e.*, once

certification and removal are effected, exclusive competence to adjudicate the case

remedies in federal court, and that court may not remand the suit to state court.").

In the instant case, United States Attorney Morrison, by virtue of the authority

vested in him by the Attorney General pursuant to 28 C.F.R. § 15.3, certified that

Brummett was acting within the scope of his employment with the Army Corps at all

times relevant to the complaint filed by Plaintiff.  (Certification of Scope of Employment).  Plaintiff argues that he sued Brummett in his individual capacity and the claims are not governed by the FTCA.  However, as the Attorney General's certification is to be taken as conclusive for purposes of removal, the court finds that the United States was properly substituted as the defendant in this action and the case cannot be remanded.

### B.      Failure to Exhaust

As the FTCA provides the exclusive waiver of the United States' sovereign immunity, strict compliance with the provisions of the act are required.  *Frey v. E.P.A.*, 270 F.3d 1129, 1135 (7th Cir. 2001).  The FTCA requires "the exhaustion of administrative remedies prior to suing the federal government in tort."  *Id.*; *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).  A failure to exhaust administrative remedies prior to filing suit "deprives the district court of subject matter jurisdiction over the claim."  *Frey*, 270 F.3d at 1135 (citing *Garzia v. Meza*, 235 F.3d 287, 290 (7th Cir. 2000)).  Section 2675(a) of the FTCA provides that as a prerequisite to filing, a claim must first be presented to the appropriate federal agency for which the employee worked. *See* 28 U.S.C. § 2675(a).  The federal agency must then either deny the request or the request will be deemed denied after the expiration of a six-month adjudicatory period.  28 U.S.C. § 2675(a); *see also Meza*, 235 F.3d at 289.

In the instant case, Plaintiff filed his claim with the Army Corps on March 8, 2010. (Declaration of Lorenzo Ferguson ¶ 2).  Plaintiff then filed his current cause of action in state court on March 9, 2010.  As there was only one day between Plaintiff's filing with

the Army Corps and his state court filing, the court finds that Plaintiff did not wait the

statutory six-month period required by Section 2675(a).  Further, there is no indication in

Plaintiff's Complaint that his claim has been denied by the Army Corps.  In order for

Plaintiff to have properly filed his cause of action against Brummett, a federal employee,

Plaintiff must have first exhausted his administrative remedies by waiting until his claim

was either denied or the six-month adjudicatory period expired.  Neither of these

circumstances are present in this case.  Accordingly, Plaintiff's claim against the United

States must be dismissed for lack of subject matter jurisdiction.

## IV.   Conclusion

For the reasons set forth above, the United States' Motion to Dismiss is

**GRANTED** (Docket # 14).

**SO ORDERED** this 5th day of August 2010.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Sheila Patricia Hiestand
BUBALO HIESTAND & ROTMAN PLC
shiestand@bhtriallaw.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com

Kevin B. Sciantarelli
BUBALO HIESTAND & ROTMAN, PLC
ksciantarelli@bhtriallaw.com