UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| PAUL McADAMS, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 4:10-cv-00029-RLY-WGH |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| Defendants. ) | |

**ENTRY ON PLAINTIFF'S RULE 60 MOTION FOR RELIEF FROM COURT'S ORDER GRANTING USA'S MOTION TO DISMISS AND MOTION FOR HEARING**

Pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), Plaintiff, Paul McAdams ("Plaintiff"), moves for relief from the court's order granting Defendant's, United States of America's ("Government"), motion to dismiss. Plaintiff also moves for a hearing on this matter. For the reasons set forth below, the court **DENIES** Plaintiff's Motion for Relief and Motion for Hearing.

**I.     Background**

On March 12, 2008, while driving a United States Army Corps of Engineers' ("Army Corps") vehicle in Salem, Indiana, Brandon Brummett ("Brummett") struck Plaintiff's vehicle. (Complaint ¶¶ 5-7). Plaintiff filed this lawsuit in state court on March 9, 2010, against Brummett and State Farm Mutual Automobile Insurance Company ("State Farm"), alleging Brummett was negligent in operating his vehicle, which resulted

1

in the accident and caused Plaintiff to suffer damages. (*Id.*). On March 8, 2010, one day prior to filing his Complaint in state court, Plaintiff filed an administrative claim with the Army Corps. (Defendant's Ex. 1 ("Declaration of Lorenzo Ferguson"), ¶ 2).

On March 30, 2010, Timothy Morrison, United States Attorney for the Southern District of Indiana ("U.S. Attorney Morrison"), certified that Brummett was acting within the scope of his employment with the Army Corps at all times relevant to Plaintiff's allegations; therefore, the case was removed to federal court, and the Government became the sole defendant. (Defendant's Ex. B, Certification of Scope of Employment). On July 1, 2010, the magistrate judge granted the Government's motion to stay discovery until a September 15, 2010, status conference. (Docket # 24). In this order, the magistrate judge noted that the date of the status conference would be "six months after the filing of the tort claims notice." (*Id.*).

The Government filed a motion to dismiss on May 27, 2010, which was granted on August 5, 2010, on the grounds that the court lacked subject matter jurisdiction, due to Plaintiff's failure to exhaust administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401, before filing the lawsuit. (Docket # 26, Court's Entry on Defendant's Motion to Dismiss, at 6). In its Entry, the court found that the administrative remedies were not exhausted, because at the time he filed the lawsuit in state court, Plaintiff had neither received a final denial of, nor waited the requisite six months after filing, his administrative claim. (*Id.* at 5-6). In fact, on July 23, 2010, the Army Corps sent a letter to Plaintiff denying his administrative claim (Plaintiff's Ex. 1);

2

however, Plaintiff felt he could not present this correspondence to the court due to the stay of proceedings. (Motion for Relief 2). Therefore, the court was not aware of the denial of Plaintiff's administrative claim at the time it ruled on the motion to dismiss.

Plaintiff now moves for relief from the court's order, claiming that the court's order conflicts with a prior order entered by the magistrate judge, the letter is newly discovered evidence indicating the case was ripe for litigation prior to dismissal, and the dismissal serves a great prejudice to Plaintiff.

## II.     Motion for Relief Standard

A party may move for relief from a final judgment, order, or proceeding for several reasons, including, *inter alia*, mistake; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; or any other reason that justifies relief. Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (internal quotations omitted). A judgment may be set aside due to "mistakes attributable to special circumstances and not simply erroneous applications of law." *Eskridge v. Cook Co.*, 577 F.3d 806, 809 (7th Cir. 2009). It is well established that "[a] Rule 60(b) motion is not a substitute for appeal. . . ." *Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008) (citations omitted). The decision to grant relief under Rule 60(b) is "left to the sound discretion of the trial court." *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984). A district court "has abused its discretion when no reasonable person could agree with"

its decision to deny relief. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (internal quotation omitted).

## III. Discussion

Plaintiff asserts that the court should grant relief (A) based on mistake and newly discovered evidence, and (B) because he will suffer great prejudice by being barred from recovering for injuries sustained in the accident that gave rise to this action. Additionally, Plaintiff requests (C) an oral argument and hearing on these issues.

### A. Mistake and Newly Discovered Evidence

Plaintiff contends the court was mistaken in dismissing his FTCA claim, due to a conflicting order by the magistrate judge to stay proceedings and discovery pending a September 15, 2010, status conference. The magistrate judge noted that this date would be six months after Plaintiff's filing of the tort claims notice with the Army Corps. (Docket # 24). Plaintiff understood this order to imply that the matter would be procedurally ripe, with no prejudice to any parties, on September 15, 2010, and contends that the court's order to dismiss the action conflicts with the spirit and intent of the magistrate judge's order. Additionally, Plaintiff claims that he could not present the July 23rd letter from the Army Corps denying Plaintiff's administrative claim due to the stay of proceedings, but that in light of this new evidence, the court now has jurisdiction.

Even if the court had considered the magistrate judge's order or the letter prior to ruling on the motion to dismiss, the court still lacked subject matter jurisdiction due to Plaintiff's failure to exhaust administrative remedies before filing his Complaint. In

4

*McNeil v. United States*, the Supreme Court held that an FTCA lawsuit filed before an administrative agency finally denies a claim or has taken no action on a claim for six months is premature and must be dismissed. 508 U.S. 106, 112 (1994) (holding that the FTCA requirement that administrative remedies be exhausted before bringing suit was not satisfied by receipt of an agency's denial of a claim after the filing of a lawsuit but before any substantial progress in the litigation). In *McNeil*, the Supreme Court made it abundantly clear that "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1994).

Furthermore, in *Kaba v. Stepp* the Seventh Circuit, citing *McNeil*, held that a complaint filed with an administrative agency less than a week before filing an FTCA lawsuit regarding the same incident renders the lawsuit premature. 458 F.3d 678, 688 (7th Cir. 2006). Here, Plaintiff filed a lawsuit alleging an FTCA claim a mere six days after filing an administrative complaint with the appropriate federal agency. *Id.* Although the agency ultimately denied plaintiff's claim nine months after receiving it, the Court held that because the lawsuit was filed before the agency finally denied the claim, the lawsuit was premature and had to be dismissed. *Id.*

Plaintiff's lawsuit falls squarely within the holdings of *Kaba* and *McNeil*. Regardless of whether the court had considered the magistrate judge's order or the letter, Plaintiff failed to exhaust administrative remedies prior to filing this lawsuit. Waiting far less than the six days in *Kaba*, Plaintiff filed this lawsuit merely one day after filing his

administrative complaint. (Docket # 26 at 5). The administrative agency did not deny the claim until July 23, 2010, more than four months after the lawsuit was filed. (Plaintiff's Ex. 1). Because Plaintiff did not wait for the agency to deny the claim or the requisite six months after filing the administrative complaint before filing this lawsuit, the court made no mistake in dismissing the lawsuit, despite the magistrate judge's order or the alleged new evidence provided by the letter. *See McNeil*, 508 U.S. at 112; *Kaba*, 458 F.3d at 688.

**B.     Prejudice to Plaintiff**

Plaintiff claims that the court's dismissal of his FTCA claim serves him great prejudice due to "conflicting, dueling state and federal statutes which, if interpreted as in the Court's Order, bars him from recovery. . . ." (Motion for Relief 2-3). The court fails to detect any statutory conflicts. Once U.S. Attorney Morrison certified the scope of employment, Brummett became immune from suit under the FTCA, and the United States was substituted as the sole defendant pursuant to 28 U.S.C. § 2679(d)(1). The state law claims against Brummett as an individual no longer remained, and the FTCA was Plaintiff's exclusive remedy. (Docket # 26 at 4-5). The court made clear in its order dismissing Plaintiff's claims that the FTCA is the only relevant statute. Plaintiff's general reference to a conflict between statutes, without naming any statutes in particular, is not sufficient to show that a conflict exists.

Moreover, Plaintiff suffers no prejudice as a result of the court's Order granting the Government's Motion to Dismiss. Plaintiff satisfied the FTCA's two-year statute of limitations by filing his administrative claim with the appropriate federal agency within

6

two years after his claim accrued.  *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues. . . .").  An administrative complaint was filed by Plaintiff with the Army Corps on March 8, 2010, less than two years after the March 12, 2008, incident that gave rise to the claim.  (Declaration of Lorenzo Ferguson, ¶ 2).  Furthermore, in its July 23rd letter denying Plaintiff's claim, the Army Corps informed Plaintiff that "he may file suit in an appropriate U.S. District Court no later than six months from the date of mailing of this letter."  (Plaintiff's Ex. 1).  The letter is dated July 23, 2010; therefore, Plaintiff may file a new lawsuit in federal court at any time prior to January 23, 2011.  *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.").

Also, the previous dismissal of Plaintiff's lawsuit will not prevent the filing of a new action by Plaintiff.  "Dismissals for want of subject-matter jurisdiction are always denominated without prejudice, because they signify that the court did not have the power to decide the case on the merits."  *Hill v. Potter*, 352 F.3d 1142, 1146 (7th Cir. 2003).  The determination that Plaintiff failed to exhaust administrative remedies is preclusive only with respect to an attempt to relitigate the question of whether he exhausted his administrative remedies before filing the first lawsuit.  *See id.* at 1147 (holding that dismissals for lack of subject matter jurisdiction are only preclusive with respect to the

7

jurisdictional ruling). Accordingly, Plaintiff has not suffered great prejudice, because he may file a new action in federal court before January 23, 2011.

### C. Hearing and Oral Argument

Plaintiff moves for oral argument and hearing on the previously discussed issues "to clarify any procedural or substantive issues which the Plaintiff believes have not been sufficiently addressed." (Motion for Relief 3). Because Plaintiff fails to identify any specific procedural or substantive issues that he believes have not been sufficiently addressed, and because the court believes all relevant issues have been sufficiently addressed, a hearing is not necessary.

## IV. Conclusion

Based on the foregoing reasons, Plaintiff's Rule 60 Motion for Relief from Court's Order Granting USA Motion to Dismiss and Motion for Hearing (Docket # 27) is **DENIED**.

**SO ORDERED** this 2nd day of December 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Sheila Patricia Hiestand
BUBALO HIESTAND & ROTMAN PLC
shiestand@bhtriallaw.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com

Kevin B. Sciantarelli
BUBALO HIESTAND & ROTMAN, PLC
ksciantarelli@bhtriallaw.com